# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KAYLA BELT and SEAN D. CROSS,**

    Plaintiffs,

  v.                                                  Case No. 19-CV-1899

**JEAN ABEL, et al.,**

    Defendants.

## ORDER ON MOTIONS FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE AND REPORT AND RECOMMENDATION SCREENING COMPLAINT

On December 30, 2019, Kayla Belt and Sean D. Cross filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Department of Children and Family Services ("DCFS") employees Jean Abel and Tiffany Hall, Attorney Brett Copeland, and Assistant District Attorney Margaret Drees (Docket # 1.) Belt and Cross also file requests for leave to proceed without prepaying the filing fee (*in forma pauperis*). (Docket # 2 and Docket # 3.) From the financial affidavits Belt and Cross have given the court, I conclude that they are unable to pay the fees and costs of starting this lawsuit. Thus, I will grant their motions to proceed without prepaying the filing fee. However, I recommend the complaint be dismissed for failure to state a claim upon which relief can be granted and for seeking relief against an immune defendant.

### LEGAL FRAMEWORK

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S.

319, 324 (1989). To authorize a litigant to proceed without prepaying the filing fee, the court must make two determinations.

First, the court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on a declaration submitted to the court. *Id.* Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim on which relief may be granted, or does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## ANALYSIS

Belt avers that she is employed and receives between $1,300.00 and $1,400.00 per month in salary, as well as $300.00 per month in SSI. (Docket # 2 at 2.) Belt states that she has $1,135.00 in monthly expenses. (*Id.* at 2–3.) Her assets include a 1996 Chevy S 10, $30.00 in a bank account, an IRA worth $23.00, and a 401k worth $350.00. (*Id.* at 3–4.) Cross avers

that he is unemployed and homeless with no assets beyond $1.00. (Docket # 3 at 1–4.) Based on the information provided, I am satisfied that Belt and Cross are indigent for purposes of the *in forma pauperis* statute.

I next turn to the question of whether Belt and Cross' claims are "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). It appears the plaintiffs' complaint arises out of an injury sustained by their minor child sometime in late 2018. (Docket # 1 at 1.) They allege that on November 9, 2018, the child's "injury was reclassified from suspected child abuse to, simply, an injury." (*Id.*) They allege that DCFS was sent an order notifying it that the child should be returned home no later than February 5, 2019. (*Id.* at 2.) The plaintiffs allege that within twenty-four hours of DCFS receiving this order, Cross was charged with felony child neglect and child abuse. (*Id.*) They allege that ADA Drees stated on the record before a judge that she was aware of the reunification order. (*Id.*) Thus, the plaintiffs allege ADA Drees knowingly filed false charges against Cross. (*Id.*) A no-contact order was entered against Cross. (*Id.*) The plaintiffs allege that DCFS employees Abel and Hall reported Cross to police after attending the birth of his youngest daughter, and Cross was subsequently charged with bail jumping. (*Id.*)

The plaintiffs allege that on December 3, 2019, Cross was coerced by ADA Drees and Cross' defense attorney, Copeland, to sign a guilty plea. (*Id.*) They further allege that Attorney Copeland refused to make several arguments on Cross' behalf, such as violation of the Supremacy Clause. (*Id.*) Belt and Cross request relief in the form of $3,000,000.00 to purchase a home and pay medical bills; all charges in the Child in Need of Protection and/or Services

3

("CHIPS") and criminal cases be dropped; and a written apology from ADA Drees. (*Id.* at 2–3.)

Construing the plaintiffs' *pro se* complaint broadly, as I must, it appears Cross and Belt allege malicious prosecution against ADA Drees and ineffective assistance of counsel against Attorney Copeland. It is difficult to discern a cognizable federal claim against DCFS employees Abel and Hall. While the plaintiffs take issue with Abel and Hall reporting Cross to the police when he went to the hospital to attend his child's birth, given a no-contact order was in place, the plaintiffs do not allege Abel and Hall engaged in any wrongdoing. Thus, the plaintiffs have not stated a claim upon which relief can by granted against Abel and Hall.

To the extent the plaintiffs allege ineffective assistance of counsel against Cross' state public defender, Attorney Copeland, the cause of action is not cognizable under § 1983. Even though Cross' court-appointed public defender may have been employed by the state, a public defender is not subject to suit under § 1983, because court-appointed defense attorneys do not "act[ ] under color of state law" when representing an indigent defendant in a state criminal proceeding. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *see also Swift v. Swift*, 556 F. App'x 509, 510–11 (7th Cir. 2014). Consequently, Cross cannot bring an ineffective assistance of counsel against his public defender under § 1983.

Further, to the extent the plaintiffs allege ADA Drees engaged in malicious prosecution, she is immune from relief. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) ("We conclude that the considerations outlined above dictate the same absolute immunity under §

4

1983 that the prosecutor enjoys at common law."); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("Absolute immunity shields a person acting . . . as a prosecutor [ ] from § 1983 liability when performing her duties in the judicial process."). For this reason, the plaintiffs cannot proceed with their claims against ADA Drees.

Because Cross and Belt's complaint fails to state cognizable federal claims against Abel, Hall, and Attorney Copeland, I recommend the claims against them be dismissed. Further, because ADA Drees is immune from relief, I also recommend the claims against her be dismissed.[1]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Belt's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Cross' motion for leave to proceed without prepayment of the filing fee (Docket # 3) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED** for failure to state a claim and for pursuing relief against an immune defendant.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiffs' complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 31st day of December, 2019.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge