# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KAYLA R. BELT and SEAN D. CROSS,

        Plaintiffs,

v.

JEAN ABEL, TIFFANY HALL, MARGARET DREES, and BRET COPELAND,

        Defendants.

Case No. 19-CV-1899-JPS
7th Cir. Case No. 20-1237

**ORDER**

Plaintiffs filed this action on December 30, 2019. (Docket #1). The next day, Magistrate Judge Nancy Joseph issued a report and recommendation to this Court to dismiss this action for Plaintiff's failure to state any viable claims for relief. (Docket #4). Plaintiffs did not object to the recommendation within the time permitted by statute. The Court adopted the recommendation and dismissed the case. (Docket #9). Plaintiffs filed a notice of appeal on February 11, 2020. (Docket #12). They also filed a motion to proceed on their appeal *in forma pauperis*. (Docket #13).

Plaintiffs may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether Plaintiffs take the appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026. This is the case

when a reasonable person could suppose the issue to have some legal merit. *Id.*

The Court finds that Plaintiffs' appeal is not taken in good faith. The Court dismissed this action for Plaintiffs' failure to file an objection to Magistrate Judge Joseph's recommendation, and because the Court agreed with the magistrate's analysis in finding that the complaint did not state viable claims for relief. (Docket #9). Neither the motion for leave to proceed *in forma pauperis* nor the notice of appeal—or anything else Plaintiffs have filed since the dismissal, for that matter—offer any cogent explanation as to why the Court's ruling may have been incorrect. Instead, Plaintiffs' filings mostly complain about Defendants' conduct since the filing of their complaint. The Court will not second-guess its dismissal order on Plaintiffs' behalf.

Because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to Plaintiffs regarding proceeding before the Seventh Circuit. Plaintiffs will not be able to proceed on appeal without paying the filing fee, unless the court of appeals gives them permission to do so. Plaintiffs have 30 days from the date of this order to request that the Seventh Circuit review the Court's denial of their motion for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If Plaintiffs request review by the Seventh Circuit, they must include an affidavit and statement of issues they intend to present on appeal, pursuant to Fed. R. App. P. 24(a). They must also provide a copy of this order, in addition to the notice of appeal they previously filed. If Plaintiffs do not request review of this order, the Seventh Circuit may choose not to address the Court's denial of Plaintiffs' motion; instead, it

may require Plaintiffs to pay the full filing fee before it considers their case. Failure to pay a required fee may result in dismissal of the appeal.

The Court concludes by addressing another motion Plaintiffs filed along with their notice of appeal. Plaintiffs ask that the Court impose certain "special conditions," which are in fact items of either injunctive or habeas corpus relief, or both, related to Plaintiffs' ongoing state court litigation. (Docket #14). This Court has neither the authority nor the inclination to grant any of the relief requested in the motion. The motion must, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for leave to appeal without prepayment of the filing fee (Docket #13) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiffs' motion for injunctive relief (Docket #14) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge